**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| XTRA LEASE LLC,<br><br>Plaintiff,<br>v.<br><br>FISHER BROTHERS TRUCKING, INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-01341-SEP |

**MEMORANDUM AND ORDER**

The matter was before the Court on Plaintiff XTRA Lease LLC's Emergency Motion to Remand, or Alternatively, Extend Temporary Restraining Order, Doc. [22]. For the reasons set forth below, the Court granted Plaintiff's motion and remanded the case to the Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, Missouri. Doc. [27]. This Memorandum and Order follows.

**BACKGROUND**

XTRA Lease LLC, a Delaware limited liability company with its principal place of business located in St. Louis, Missouri, rents and leases trailers to various companies. Doc. [11] ¶¶ 1, 8-9. XTRA and Defendant Fisher Brothers Trucking, Inc., entered into an Equipment Lease Agreement and accompanying Standard Terms and Conditions (Lease Agreement), wherein XTRA agreed to lease certain trailers to Fisher Brothers in exchange for a promise to make payments in accordance with the terms of the Agreements. *Id.* ¶ 9. XTRA also alleges that Defendants John N. Fisher IV Ranches; Fisher Bros. Limited Partnership; and Jasmine Citrus, LLC, (the Fisher Entities), entered into a Corporate Continuing Guaranty Agreement wherein they agreed to guarantee all of Fisher Brothers' liabilities and obligations under the Lease Agreement. *Id.* ¶ 10. XTRA further alleges that Defendant John N. Fisher IV entered into a Personal Unlimited Continuing Guaranty pursuant to which he likewise agreed to guarantee all of Fisher Brothers' liabilities and obligations under the Lease Agreement. *Id.* ¶ 11.

The Lease Agreement explicitly incorporates by reference contractual "Standard Terms and Conditions" which contain the following forum selection clause:

> 31. CHOICE OF LAW; VENUE; JURY TRIAL WAIVER . . . [Fisher Brothers Trucking Inc.] and XTRA Lease each hereby submit to the jurisdiction of the

> Circuit Court of St. Louis County, Missouri for purposes of adjudicating any action arising out of or related to the Lease, and ***hereby waive, to the fullest extent permitted by law, any objection to that venue*** for any action arising out of or related to the Lease. Any action arising out of the Lease may be properly filed in the Circuit Court of St. Louis County, Missouri; however, XTRA Lease reserves its right to bring suit in any other appropriate jurisdiction.

Doc. [11–1] at 8, ¶ 31 (emphasis added).

The Fisher Entity Corporate Guaranty Agreement also contains a forum selection clause, which provides:

> GUARANTOR IRREVOCABLY AGREES THAT ALL ACTIONS RELATING TO THIS GUARANTY SHALL BE INSTITUTED AND LITIGATED ONLY IN, AND THE GUARANTOR HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION AND VENUE OF, THE CIRCUIT COURT OF SAINT LOUIS COUNTY, MISSOURI AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS.

Doc. [11–2] at 2.

XTRA contends that Fisher Brothers failed to make all required payments. *Id.* ¶¶ 15-17. Accordingly, XTRA sued Defendants in the Circuit Court of St. Louis County, where it sought and was granted a temporary restraining order ordering Defendants to, among other things, immediately return all leased trailers. *See* Docs. [11], [12]. That TRO was due to expire on August 26, 2026, but before that could happen, on August 21, 2026, Defendants jointly removed the action to this Court on the basis of diversity jurisdiction. Doc. [1]. The removal was followed quickly by Plaintiff's Emergency Motion to Remand to State Court, or Alternatively, Extend Temporary Restraining Order, Doc. [22].

## Legal Standard

Pursuant to 28 U.S.C. § 1441, a defendant in a state civil case may remove that case to federal district court, assuming the case could have been brought there originally. *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1211 (D. Minn. 2016) (citing *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 134 (2005)). Following removal, a plaintiff may file a motion to remand the case to state court if subject matter jurisdiction is lacking or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c).

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *XTRA Lease LLC v. EJ Madison, LLC*, 2015 WL 3694712, at *2 (E.D. Mo. June 12, 2015) (quoting *M.B. Rests., Inc. v.*

*CKE Rests., Inc*., 183 F.3d 750, 752 (8th Cir. 1999)). "Courts who have considered the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand." *City of Springfield, Missouri v. T-Mobile Cent. LLC,* 2019 WL 2525617, at *1 (E.D. Mo. June 19, 2019) (citing *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005)).

In the Eighth Circuit, a contractual waiver of the right to remove must be clear and unequivocal. *iNet Directories,* 394 F.3d at 1082; *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989). But the waiver need not contain "explicit words, such as 'waiver of right of removal,'" to be "clear and unequivocal." *Waters v. Browning–Ferris Indus., Inc*., 252 F.3d 796, 797 (5th Cir. 2001) (cited with approval in *iNet Directories*, 394 F.3d at 1082). An agreement whereby the parties consent to jurisdiction in state court, but that does not address removal, does not necessarily qualify as a clear and unequivocal waiver. *See Weltman*, 879 F.2d at 427. But where "the contract states that the parties waive any objections to the laying of venue in a court in Missouri," the forum selection clause unambiguously prohibits a defendant "from objecting to venue by removing the case to federal court." *iNet Directories*, 394 F.3d at 1082.

**DISCUSSION**

The Court first notes that XTRA has moved to remand based on the same forum selection clause at issue here at least three times in this district, and every time the court found the clause valid and enforceable and remanded the case back to the Circuit Court of St. Louis County. *See Xtra Lease LLC v. 4D Daylight-To-Dark AG Servs., LLC*, 2017 WL 4778588 (E.D. Mo. Oct. 23, 2017); *XTRA Lease LLC v. EJ Madison, LLC*, 2015 WL 3694712 (E.D. Mo. June 12, 2015); *XTRA Lease LLC v. Century Carriers, Inc.,* 2010 WL 431787 (E.D. Mo. Feb. 2, 2010).

As explained in *Century Carriers*, removing a case from state to federal court constitutes an objection to venue in state court. *See* 2010 WL 431787 at *2; *see also iNet Directories*, 394 F.3d at 1082 (where "the contract states that the parties waive any objections to the laying of venue in any court in Missouri," the forum selection clause unambiguously prohibits a defendant "from objecting to venue by removing the case to federal court"). The forum selection clause in the Lease Agreement's Standard Terms and Conditions[1]—which is identical to that interpreted in

[1] Defendants also argue that the forum selection clause in the Lease Agreement's Standard Terms and Conditions clause is not part of the Lease Agreement at all because it is not found within the four corners

*Century Carriers* and the other *XTRA* cases cited above—states that the parties "waive, to the fullest extent permitted by law, any objection to . . . venue" in the Circuit Court of St. Louis County, Missouri. Doc. [11–1] at 8, ¶ 31. And the forum selection clause in the Fisher Entitites Corporate Guaranty states that venue "shall" be in the Circuit Court of St. Louis County, Missouri, and that the Guarantors "waive[ ] any objection" to that forum. Doc. [11–2] at 2.

Defendants acknowledge the three decisions described above but argue that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." Doc. [25] at 5 (quoting *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)). That is true, but the well-reasoned holding of a colleague has a strong persuasive effect, and the Court has seen nothing to indicate that the three other *XTRA* decisions involving the same forum selection clause are legally incorrect or factually distinct in any material respect. The Court thus adopts her colleagues' sound approach

---

of the Lease Agreement itself. *See* Doc. [25] at 2-3. Because the Standard Terms and Conditions clause is found on XTRA's website, Defendants liken the Terms and Conditions to an internet contract where one party may be found to assent to an agreement by, for example, using the other party's website, but there is no direct communication between the parties and arguably inadequate notice to the user that they were entering into a contract. *See id*., citing *Foster v. Walmart, Inc*., 15 F.4th 860, 863 (8th Cir. 2021) (considering whether an internet contract to arbitrate was arguably formed when the purchaser of a Walmart gift card was directed, by language on the back of the gift card, to see Walmart.com for further terms that may affect his rights). That argument does not hold up to scrutiny. Here, the parties, all of whom appear to be sophisticated, engaged in direct communication pursuant to which they signed the Lease Agreement. The Lease Agreement, in turn, could not be clearer that the Standard Terms and Conditions were expressly incorporated therein and the parties were bound by the same. In multiple sections of the Lease Agreement the contract explicitly states that actions must be performed in accordance with the Standard Terms and Conditions, and contains a separate paragraph titled "Standard Terms and Conditions," stating:

> Lessee's lease of Equipment . . . shall be subject to XTRA Lease's Standard Terms and Conditions . . . as posted on XTRA Lease's web site . . . [and] LESSEE'S LEASE OF EQUIPMENT PURSUANT TO SCHEDULE A ENTERED UNDER THIS EQUIPMENT LEASE AGREEMENT SHALL BE SUBJECT TO THE STANDARD TERMS AND CONDITIONS IN EFFECT AS OF THE DATE OF THE SCHEDULE A. THIS EQUIPMENT LEASE AGREEMENT, TOGETHER WITH ALL SCHEDULES A HERETO, AS SUCH SCHEDULES MAY BE AMENDED OR SUPPLEMENTED FROM TIME TO TIME, AND THE STANDARD TERMS AND CONDITIONS, TOGETHER CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE PARTIES AND SUPERSEDES ALL OTHER AGREEMENTS AND UNDERSTANDINGS.

Doc. [11-1] at 2 ¶ F. The Lease Agreement plainly put the signatories on notice that the Standard Terms and Conditions were incorporated by reference and were binding. Under Missouri law, "parties may assent to terms expressly in a contract or incorporated into the contract by reference so long as the intent to incorporate is clear." *Donelson v. Ameriprise Fin. Servs., Inc*., 999 F.3d 1080, 1089 (8th Cir. 2021) (citation modified).

to this question and likewise concludes that the forum selection clause prevents the Defendant signatories from objecting to venue by removing or consenting to removal.

Finally, Defendants argue that Defendants John N. Fisher IV Ranches, Fisher Bros. Limited Partnership, and Jasmine Citrus, LLC, are not signatories to either the Lease Agreement or a Guaranty Agreement and thus are not bound by any forum selection clause. Doc. [25] at 6. But, as Plaintiff notes, it alleges in its Complaint that these Defendants comprise the "Fisher Entities," which was the signatory to the Corporate Guaranty, *see* Doc. [11] ¶ 10, and Fisher Brothers did not dispute that allegation. *See* Doc. [26] at 1 n.1. The Court need not and does not determine whether those Defendants comprise "Fisher Entities" and are thus bound by the Corporate Guaranty's forum selection clause because the answer to that question does not change the outcome here. Defendant Fisher Brothers Trucking is bound by the forum selection clause in the Lease Agreement and therefore cannot remove or consent to removal, which undermines the "rule of unanimity" and renders removal defective. *See Marano Enters. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 754 n. 2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded.") (citing *Chicago, Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900)); *see also* 28 U.S.C. § 1447(c). Because Fisher Brothers may not join in or consent to removal, unanimity is lacking and removal is defective even if Defendants John N. Fisher IV Ranches; Fisher Bros. Limited Partnership; and Jasmine Citrus, LLC, would otherwise be free of the forum selection clause's constraints.

**IT IS SO ORDERED**.

Dated this 27th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE